### LEVIN et al. v. PHILADELPHIA ELECTRIC POWER CO.

District Court, E. D. Pennsylvania. January 10, 1928.

#### No. 4233.

Courts ⬤288—Federal court held without authority to grant preliminary injunction to restrain erection and operation of power transmission line (16 USCA §§ 791–823).

Federal court *held* without authority, under Act June 10, 1920 (16 USCA §§ 791–823), to grant a preliminary injunction to restrain erection and operation of a power transmission line by a licensee under the act, until damages caused to complainant's property shall be ascertained and paid or secured.

In Equity. Suit by Barton G. Levin and another against the Philadelphia Electric Power Company. On motion for preliminary injunction. Denied.

Levinthal, Schofield & Kraus, of Philadelphia, Pa., for plaintiffs.

Wm. Clarke Mason, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The conclusion reached is that the motion should be denied.

#### Discussion.

The final question addressed to us may be best reached by the formulation of a series of propositions of fact and law upon which the cause of the plaintiffs rests.

Plaintiffs' Propositions of Fact and Law.

(1) The defendant is constructing tall tower supports for, and will operate, a transmission line extending from Conowingo to Philadelphia, and passing near the lands of the plaintiffs. The existence of these constructions and the operation of the transmission line will affect injuriously the lands of the plaintiffs, to their injury and damage.

(2) One J. Howard Mecke, as owner of a large tract of land in Chester county, threw it open for development as a residential section, to be kept free from manufacturing

and commercial uses, very much upon the general scheme of zoning ordinances. To assure the preservation of the character impressed upon the section, all conveyances made by him of parts of the tract were made subject to building restrictions, which were made the subject of appropriate covenants running with the land, so as to bind future grantees and owners, and so as to create an easement in the grantees to the like extent in the remaining lands of the grantor.

(3) J. Howard Mecke made conveyances of parts of the above tract (subject to these restrictions) to Charles C. Gano, and to the plaintiffs and others, respectively, retaining other parts of the tract, servient, however, to the easement acquired therein by his grantees.

(4) The transmission line referred to is to be built and operated on (inter alia) lands (a portion of the above-mentioned tract) acquired by the defendant in part by conveyance from the said J. Howard Mecke, and in part through condemnation proceedings following the exercise of the power of eminent domain, exercised at the instance of the defendant, to take the lands conveyed to the said Charles C. Gano above mentioned. Proceedings to have judicially determined the damages for the lands so "taken, injured, or destroyed" are now pending in the court of common pleas of Chester county, but the plaintiffs are not parties thereto. The defendant had notice, constructive of record and actual, of the plaintiffs' title and claims of right.

(5) The defendant has been invested with the power of eminent domain, so far as conferred by the laws of Pennsylvania, and has likewise been granted a permit or license under the Act of Congress of June 10, 1920 (16 USCA §§ 791–823), so far as defendant's project is an interference with the navigation or affects the navigability of the navigable waters of the Susquehanna river.

(6) The plaintiffs' cause of action is planted upon (a) the said act of Congress, which gives a cause of action and a consequent right of action to any one whose property is damaged by the operation of the transmission line, as distinguished from its construction; (b) the proposition that the plaintiffs have an easement, and hence a real estate interest, in the lands (of the original tract) upon which the line is being constructed; and (c) the proposition that the defendant is bound by the covenants referred to as running with the land, which covenants they are threatening to break.

(7) This court, as a court of the United States, has jurisdiction because (a) the cause is one arising out of the laws of the United States; (b) the courts of the state are powerless to accord the plaintiffs their rights as between two citizens of the state, if it be held that a property owner has no cause of action under the laws of the state, whose lands are not taken, and who is damaged only by the existence and operation of the defendant's transmission line; and (c) this court, having jurisdiction because one right of the plaintiffs arises under the laws of the United States, will proceed to a determination of the whole controversy.

(8) The specific prayer of the bill, which now concerns us, asks that the defendant be restrained from constructing (without the consent of the plaintiffs) their transmission line upon any part of what may be called the Mecke tract, unless condemnation proceedings are instituted in a court of the United States and security be given the plaintiffs for all damages they may suffer.

In the view we have taken of the rights of the plaintiffs, there is no need to pass upon the soundness of any of these propositions. They, except as later discussed, are all accepted arguendo.

### The Questions Involved.

An attempt to state the question or questions presented by these propositions will disclose that the questions are very elusive, or they take a form such as that they answer themselves. This is due, we think, to the feature of complexity which the claim of right made by the plaintiffs presents. In one phase, it is a right in the sense of a cause of action; in the other phase, it is the right to security in advance of trial. Again, in one phase, it is a right arising out of a law of the United States, and in another a right under the laws of the state, with which the courts of the United States have nothing to do.

These first two questions both separate and blend. There may be an undoubted cause of action, and yet as clearly no right to security. If, however, there is no cause of action, the right to security goes with it. The question of jurisdiction is likewise two-faced, or perhaps three. So far as it is a case arising out of a law of the United States, it is within the very words of the constitutional provision. So far as it is a controversy between citizens of Pennsylvania over rights which the state courts will enforce, it is a controversy which the courts of the United States have no power to determine. There is here likewise a duality in the project with which

we are concerned in its effects. It affects the navigation of public waters; it affects, also, lands within a state. Under conditions now prevailing the business activities of our people ignore all territorial lines and limitations, and the consequence has followed of a fading out of all lines of demarcation between nation and state. If, however, the thought is kept in mind that each has its own domain or field for the operation of its laws, and these fields are kept distinct and separate, the legal questions clear up, and all cause of conflict is avoided.

Thus we have here supervision and control of the effect of these constructions upon navigable waters in the United States. Without its consent the defendant could do nothing, and the United States could impose any conditions upon this consent. There is also the use of the needed land. The laws which govern this are wholly those of the state. So far as affects the state, the questions before us are no different from those which arise in any exercise of the power of eminent domain, or any action in trespass or for the breach of a covenant. So far as affects the United States in the interference with navigation, the defendant is licensed to do what it is doing, but only (as plaintiff contends) upon condition that it thereby assumes liability for whatever damages the plaintiff suffers from the erection or operation of defendant's line. In other words, a cause of action, and consequent right of action, is given the plaintiffs. The ruling of the question of whether the plaintiffs have a cause of action does not necessarily arise, because of the intervention of the other question of whether they have the right to security. If this question is first taken up, it may become the only question to be ruled.

### Have the Plaintiffs a Right to Security?

This question, we take it, is narrowed to the question of a right under the act of Congress, because so far as it arises under state laws the state courts can give redress, and so far as it relates to a taking of private property it does not arise under the provision of the Constitution of the United States, because clearly, there has here been no taking by the United States. The grant of a cause of action or of a right of action does not of itself give the right to security, but the last-mentioned right must likewise have been given.

We see no need for more than the statement of the result of our search into the statute. We do not find any right to security given.

### Conclusion.

The conclusion reached, as already stated, is that the motion for a preliminary injunction should be denied, and an appropriate decree may be submitted. This conclusion is based upon the following propositions:

1. So far as the plaintiffs' right of action is based upon an easement in the lands taken under condemnation proceedings, and hence a land interest in those lands, the court of common pleas of Chester county has jurisdiction, and has already asserted it over this subject-matter.

2. So far as the right of action is based upon an easement, and hence a land interest in the lands conveyed to the defendant, the state court has the like jurisdiction, and the courts of the United States have none.

3. So far as the right of action is in the breach of covenants which run with the lands conveyed to the plaintiffs and the defendant, respectively, here again jurisdiction of the subject-matter and of the parties is in the state court, and not in the courts of the United States.

4. So far as the cause of action is one conferred by the Act of Congress of June 10, 1920, that act gives no right to security in advance of judgment for whatever sum may be recovered.

5. The principle invoked, that a court of the United States, having jurisdiction and having asserted it, will proceed to a determination of the whole case, even if this includes elements of which it would not in themselves and originally have had jurisdiction, is accepted, but it does not call upon us to grant the relief asked. The reasons for this, we think, are obvious.

6. The question of the right of the plaintiffs to intervene in the pending condemnation proceedings in the court of common pleas of Chester county, and their right to enjoin the defendant from using the lands conveyed to defendant in violation of plaintiffs' easement rights therein, or to require plaintiffs' interest in said lands to be first condemned, are not for this court to determine.

We have had the benefit of very well thought out and helpful discussions by counsel of the many questions which touch this case. In the view we have taken of it, however, we see no need to follow the arguments which go to the rights of the parties, or to refer to the cited cases. We have assumed arguendo that the law of the United States gives a cause of action, which is withheld by the law of Pennsylvania. The situation is a novel one, in which this is true, and yet

what is done by virtue of the law of the United States and what by virtue of the State law are so blended as to be one act. This, coupled with the fact that the act of Congress is so recent, causes no surprise that any cases which may have arisen have not yet reached the reported stage.